UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 17-525 (SRC) |
| v. |  |
| SHAKEY HOOVER, | **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion for a new trial filed by Defendant Shakey Hoover ("Defendant" or "Hoover") [ECF 59]. The one-count Indictment in this action charged Hoover with violating 18 U.S.C. § 922(g)(1) by possessing a firearm on or about April 23, 2017 after having previously been convicted of a felony. On March 27, 2019, following a two-day trial, a jury found Hoover guilty of this offense. Defendant now moves for a new trial on the basis that the Court erred in instructing the jury as to an element of the offense, in light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), issued almost three months after Hoover's jury trial. To date, Hoover has not yet been sentenced.

The statute under which Hoover was charged, 18 U.S.C. § 922(g), makes it unlawful for any person falling within one of nine enumerated categories to possess a firearm or ammunition. The statute provides that one who "knowingly" violates Section 922(g) shall be fined and/or imprisoned for up to ten years. 18 U.S.C. § 924(a)(2). In Rehaif, the Supreme Court addressed the issue of whether it is therefore an element of a Section 922(g) offense that the defendant knew, at the time of the allegedly unlawful weapons possession, "that he fell within the relevant

1

[prohibited] status (that he was a felon, an alien unlawfully in this county, or the like)." Rehaif, 139 S. Ct. at 2194. The Court concluded that it is. Id. at 2200. The Rehaif Court held as follows: "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing of firearm." Id. at 2200.

The Section 922(g) category applicable to Hoover is "one who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Before the trial of the criminal action, the Hoover had entered into a stipulation with the Government, acknowledging that at the time of the charged firearm possession, Hoover had previously been convicted of a felony. The stipulation was presented to the jury at trial as Government Exhibit 701, and it set forth as follows:

> Prior to April 23, 2017, the defendant, Shakey Hoover, was convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Essex County.

Trial Tr. 119:4-7. As the Government notes in its brief opposing Defendant's instant motion for a new trial, this stipulation precluded the Government from adducing evidence of any prior conviction's details, pursuant to the Supreme Court's holding in Old Chief v. United States, 519 U.S. 172 (1997).

At the conclusion of the presentation of evidence at trial, the Court charged the jury with instructions, which were jointly submitted by the parties. Insofar as the instructions relate to the instant motion for a new trial, the Court provided the following charge as to the prior conviction element of a Section 922(g)(1) violation:

> In order to find the defendant guilty of this offense, you must first—you must find first that the Government proved that before the date Shakey Hoover is charged with possessing the firearm, Shakey Hoover had been convicted of a crime punishable by imprisonment for a term exceeding one year. The parties have stipulated that he was convicted of the crime in the Court of the State of New Jersey, and that this crime is punishable by imprisonment for a term exceeding one year. . . . To satisfy this first element, you need only find beyond a reasonable doubt that the defendant was, in fact, convicted of that crime, and that the conviction was prior to the possession of the weapon, as charged in the indictment. **It is not necessary that the Government prove that the defendant knew that the crime was punishable by imprisonment for more than one year**, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year.

Trial Tr. 296:22-297:18 (emphasis added).

In this motion, Defendant argues that he is entitled to a new trial because, contrary to Rehaif, the jury was instructed that it did not have to find that Hoover had knowledge of his prohibited status before the date on which the firearm possession charge is based. In other words, error occurred at trial because Rehaif requires that in order to have found Hoover guilty of the Section 922(g) offense, the jury had to conclude that Hoover knew, before April 23, 2017, that he had been convicted of a crime punishable by more than one year of imprisonment. Defendant argues that the Government's failure to establish this essential element of the offense renders Hoover's conviction invalid. Thus, Defendant moves for a new trial, pursuant to Federal Rule of Criminal Procedure 33, which authorizes the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim P. 33(a).

The parties agree that whether a new trial is warranted turns on whether the instruction given at trial constitutes plain error. Under the plain error standard, the Court may correct an error not raised at trial "only where the [defendant] demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the

3

[defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotation marks omitted). The Government concedes that it was a clear error under Rehaif for the Court to instruct the jury that "the Government did not have to prove that Hoover knew that he had been previously convicted of a felony before possessing a firearm on April 23, 2017." (Gov't Br., Jan. 2, 2020, at 5.) Thus, the Court need only address prongs three and four.

To satisfy the third prong of the plain error test, Hoover must "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016). Defendant's moving brief appears to concede that Hoover was aware, at the very least, of his criminal convictions prior to allegedly possessing a firearm on April 23, 2017. However, Hoover argues that there was no evidence presented at trial that Hoover knew of the felony nature of his conviction. Hoover points out that the stipulation on which the Government relied to establish the prior felony conviction element of the Section 922(g) charge did not include an acknowledgement by Hoover that he was aware of that fact before the date in question. Thus, Defendant argues, in light of the lack of evidence presented at trial as to the knowledge element of the charged felon-in-possession offense, the trial would have resulted in Hoover's acquittal, but-for the erroneous jury instruction.

The Government counters that the vast majority of courts which have thus far conducted plain error review of pre-Rehaif convictions for Section 922(g) offenses have considered the entire record, not merely the evidence presented at trial, to determine whether the error affected

4

the outcome and fairness of the proceedings. In this case, the entire record includes the Presentence Investigation Report ("PSR"), submitted to the Court by the United States Probation Office on July 9, 2019. The PSR details Hoover's extensive criminal history, which includes eight felony convictions prior to the date of the firearms offense charged in this action. The Government contends that the record of this case more than adequately demonstrates that Hoover knew he was a convicted felon when he possessed the firearm on April 23, 2017, and therefore, the Government argues, Hoover cannot demonstrate that the trial would have resulted in an acquittal on the Section 922(g) charge but-for the instructional error. Indeed, the Government maintains that Hoover's knowledge that he was a convicted felon could have been established at trial, had the evidence not been precluded by Defendant's Old Chief stipulation. Alternatively, the Government argues that even if the Court limited its plain error review to the trial record, the stipulation itself considered together with other direct and circumstantial evidence presented to the jury would support an inference that Hoover had the requisite knowledge under Rehaif.

      The Court must first address the issue of whether it may consult matters outside of the trial record in its plain error review. Because the Third Circuit has not published a decision directing how this matter should be handled in reviewing for error post-Rehaif, this Court has consulted decisions by courts in other jurisdictions. Its review of the available caselaw confirms that, as the Government argues, the majority of other Circuit Courts of Appeal which have addressed this issue have held that it is appropriate to consider the entire record. See United States v. Reed, 941 F.3d 1018 (11th Cir. 2019); United States v. Ward, --- F. App'x ---, 2019 WL 6461259 (11th Cir. Dec. 2, 2019) (per curiam); United States v. Hollingshead, 940 F.3d 410 (8th Cir. 2019); United States v. Benamor, 937 F.3d 1182 (9th Cir. 2019); United States v. Mancillas,

789 F. App'x 549 (7th Cir. 2020). The Court is also aware that, representing the contrary view, the District Court for the Southern District of New York granted a Rule 33 motion for new trial on a felon-in-possession conviction in light of Rehaif. United States v. Sepulveda, --- F. Supp. 3d ---, 2019 WL 5704398, at *13 (S.D.N.Y. Nov. 5, 2019). In Sepulveda, the district court rejected the "entire record" approach taken by the Eighth Circuit in Hollingshead, the Ninth Circuit in Benamor, and the Eleventh Circuit in Reed and concluded that "there is no basis for departing from the [Second Circuit] rule that 'the actual trial record' controls on a plain error review." Id. at *13 (citing United States v. Jean-Baptiste, 166 F.3d 108 (2d Cir. 1999)). Nevertheless, this Court is persuaded by the weight of available authority that it should consider the entire record of the case, that is, matters outsider of the trial record, in determining whether Hoover can demonstrate that the outcome of his trial would have been different, but-for the instructional error.

The Court next turns to a review of how those courts considering the entire record have applied the plain error test. Numerous courts have held that a defendant seeking to vacate a felon-in-possession conviction for plain error post-Rehaif cannot meet prongs three and four of the plain error standard where the defendant's knowledge of his or her felony status, though not proven at trial, can be gleaned from other factors. For example, in United States v. Reed, the Eleventh Circuit reviewed a pre-Rehaif conviction for a felon-in-possession offense, in violation of Section 922(g)(1), for plain error in the jury instruction as to the defendant's knowledge of his prohibited status. Reed, 941 F.3d at 1021. The Court of Appeals initially noted that in conducting a plain error review, "we may consult the whole record when considering the effect of any error on [Reed's] substantial rights." Id. at 1021 (quoting United States v. Vonn, 535 U.S. 55, 59

6

(2002) and citing United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)). The Reed court then proceeded to identify a number of facts, outside of the trial record, which demonstrated that the defendant knew he was a convicted felon when he possessed the gun: the defendant had been convicted of eight felony offenses in state court prior to the date of possession; he stipulated that he was a convicted felon; he testified at trial that he knew he was not supposed to have a gun; and he admitted at sentencing that he had served a minimum of 18 years in prison before being arrested for firearm possession. Id. at 1022. The Reed court held the defendant had not met the heavy burden on a defendant in establishing plain error "because the record establishes that Reed knew he was a felon," and thus the defendant could not show that but-for the error the outcome of the trial would have been different. Id. at 1021-22; see also Ward, 2019 WL 6461259, at *7 (holding that the defendant did not show the error affected his substantial rights because "[t]he fact that [the defendant] received multiple sentences of more than one year of imprisonment for serious felonies—and in fact served nearly eight years in prison—indicates that he knew that his prior offenses were punishable by more than one year of imprisonment.").

Similarly, in United States v. Benamor, the Ninth Circuit Court of Appeals affirmed a felon-in-possession conviction, challenged on grounds that the evidence was insufficient in light of the Government's failure to prove that the defendant knew he was a felon. Benamor, 937 F.3d at 1188-89. Like Defendant in this action, the defendant in Benamor had entered into a stipulation that he was a convicted felon on the date he was arrested for possession of a shotgun. Id. at 1188. The Court of Appeals found that the defendant had failed to satisfy the third and fourth prongs of the plain error test, reasoning that because defendant's prior convictions and terms of imprisonment showed that the defendant had the knowledge required by Rehaif, any

7

error in instructing the jury as to that element did not affect his substantial rights Id. at 1189. The Benamor court looked outside the trial record and noted that "[w]hen Defendant possessed the shotgun, he had been convicted of seven felonies in California state court, including three felonies for which sentences of more than one year in prison were actually imposed on him." Id. One of the previous criminal actions against Benamor, the Ninth Circuit further noted, included convictions for being a felon in possession of a firearm and ammunition for which he was sentenced to five years and eight months in prison. Id. It reasoned that "at a minimum, the prior convictions for being a felon in possession of a firearm and being a felon in possession of ammunition proved beyond a reasonable doubt that Defendant had the knowledge required by Rehaif . . . ." Id. ; see also United States v. Gilcrest, --- F. App'x ---, 2019 WL 6273396, at *4 (11th Cir. Nov. 25, 2019) (per curiam) (holding, on plain error review of a felon-in-possession conviction after Rehaif, that the defendant did not establish that the asserted error was prejudicial in light of his prior convictions, including one "for possessing a firearm as a felon, which was enough on its own to inform him of his status."). The Ninth Circuit court therefore concluded that, in light of the entire record, there was no probability that, but-for the error, the outcome of the proceeding would have been different. Benamor, 937 F.3d at 1189.

The Eighth Circuit reached the same conclusion in Hollingshead, after observing that the defendant's previous conviction for possession of cocaine with intent to distribute and his four-year imprisonment on a lengthy sentence for that crime, together with a recorded prison phone call in which the defendant appeared to acknowledge that he was prohibited from possessing a firearm, indicated that the defendant knew he was a convicted felon when he possessed the firearm at issue in the Section 922(g)(1) charge. Hollingshead, 940 F.3d at 415-16; see also

8

Mancillas, 789 F. App'x at 549 (affirming Section 922(g)(1) conviction after finding no plain error in jury instruction as to the defendant's knowledge that he was a convicted felon, observing that the defendant's nine prior felonies and "multi-year stints of incarceration" set forth in the presentence investigation report showed that the defendant "could not have introduced reasonable doubt that he was aware that he had previously been convicted of a felony.").

      Guided by these decisions, this Court looks to material in the case record, albeit not presented at trial, to evaluate whether Hoover can demonstrate that the instructional error—i.e., instructing the jury that it did not have to find Defendant had knowledge of his prohibited status as a convicted felon—has affected his substantial rights. In particular, the PSR contains a wealth of information concerning Hoover's criminal history. It details no fewer than eight felony convictions imposed by the Superior Court of the State of New Jersey on Hoover between 2001 and 2008. Five of these were imposed on December 11, 2001, after Hoover pled guilty to aggravated sexual assault, obstruction, a felon in possession charge, and two charges of possession of a controlled dangerous substance on school property. The sentence imposed for each of these convictions was three years' imprisonment, except the obstruction charge which carried an 18-month sentence, and Hoover was ordered to serve the sentences concurrently. On August 15, 2003, he received a three-year sentence for the crime of receiving stolen property, an offense punishable by up to five years in prison, and served 33 months of that sentence, concurrently with parole violations on convictions one through five. On June 24, 2008, Hoover was convicted of two drug possession and distribution offenses, for which Hoover spent five straight years in prison. The only objection raised by Defendant as to the PSR pertains to the

9

December 11, 2001 obstruction conviction, on the basis that Hoover denies possession of the weapon involved in that conviction. Otherwise, the facts concerning Hoover's criminal history, as set forth in the PSR, remain undisputed.

On this record, Hoover has not demonstrated that the instructional error at trial affected his substantial rights. The sheer number of prior convictions, together with Hoover's service of multi-year terms of imprisonment, belie any assertion that Hoover was not aware that he had been convicted of "a crime punishable by imprisonment for a term exceeding one year" when he possessed the firearm on April 23, 2017. 18 U.S.C. § 922(g)(1). In fact, one of these prior convictions was for illegally possessing a gun as a previously convicted felon, the state law analog to the very same violation of federal law for which Hoover was charged and found guilty here. This conviction alone further demonstrates that Hoover was aware of his prohibited status prior to the date in question. Benamor, 937 F.3d at 1189; Gilcrest, 2019 WL 6273396 at *4. Moreover, the Court takes note of the fact that Hoover's prior convictions were based on guilty pleas before the Superior Court of New Jersey, which indicates that Hoover had been expressly advised of the statutory maximum applicable to his offenses and thus knew his convictions were for crimes punishable by over a year in prison. See N.J. Court R. 3:9-2 (stating that "before accepting a plea of guilty, the court shall require the defendant to complete, insofar as applicable, and sign the appropriate form prescribed by the Administrative Director of the Courts," referring to the New Jersey Judiciary Plea Form which expressly identifies the offenses to which the defendant will enter a guilty plea and the corresponding maximum statutory penalties); see also State v. Kiett, 121 N.J. 483, 488-89 (1990) (holding that a defendant must be fully informed of the potential penalties for the crimes charged before the court may accept a guilty plea and

noting the plea form requirement); State v. Warren, 115 N.J. 433, 444 (1989) (discussing the New Jersey plea form and stating that "[i]t is axiomatic in plea bargaining that all material terms and relevant consequences be clearly disclosed, fully understood, and knowingly and voluntarily accepted by the defendant."). In light of the entire record, the Court concludes that Hoover has not shown that but-for the Court's erroneous instruction as to his knowledge, Hoover would have been acquitted of the felon-in-possession change under Section 922(g)(1).

Indeed, even without looking to prior criminal history, a reasonable juror instructed to determine Hoover had the requisite time-of-offense knowledge that he was a convicted felon could have inferred it from the evidence presented at trial. First, there is the Old Chief stipulation itself. The stipulation presented to the jury bears repeating: "Prior to April 23, 2017, the defendant, Shakey Hoover, was convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Essex County." Trial Tr. 119:4-7. Hoover argues that although this stipulation acknowledges that he was a convicted felon on the date of the offense, it would not suffice to establish the knowledge element, as set forth in Rehaif, because it does not make clear that Hoover knew, prior to April 23, 2017, that his prior conviction was of a felony nature. In other words, Hoover appears to be arguing that, while Hoover acknowledged in the stipulation that he was a convicted felon, the Government failed to present evidence that Hoover had this requisite knowledge on or before April 23, 2017. Though Defendant is correct that the stipulation did not make the nature and timing of Hoover's knowledge explicit, Defendant's argument fails to account for the possibility, and indeed

likelihood, that a jury would draw the following logical inference from the stipulation: Hoover admitted that he had been convicted of a crime punishable for a term of imprisonment exceeding one year prior to April 23, 2017, therefore he *knew* he had been convicted of such a crime prior to April 23, 2017.

Judge McNulty, recently presented with a post-Rehaif motion for a new trial in United States v. Tullies, a Section 922(g)(1) case, expressed a similar observation that a felon-in-possession defendant's scienter was inherent in the defendant's stipulation that he was a convicted felon. See United States v. Tullies, Crim No. 18-21 (KM), Aug. 19, 2019 Tr., at ECF 110. In that case, a jury had also been instructed that the defendant's knowledge of his convicted felon status was not required as an element of the offense, which was admittedly erroneous in light of Rehaif, and the defendant moved for a new trial. In reviewing the record to determine whether the instructional error substantially prejudiced the defendant, that is, led the jury to a different conclusion as to guilt, Judge McNulty concluded that it had not and denied the motion. He reasoned that the defendant's stipulation that he had a prior felony conviction gave rise to the inference of the defendant's knowledge. He stated:

> The record shows, it's pretty clear that - - because it's right there in the stipulation, that the defendant was convicted of a felony. Now, how can you be convicted of a felony and not know you're convicted of a felony? It's kind of hard to imagine. That is, knowing your immigration status can be a pretty tricky thing like in Rehaif. Knowing you've been convicted of a crime punishable by more than one year is not such a tricky thing.

(Crim. No. 18-21, ECF 110, Tr. 16:1-9.) This Court agrees with Judge McNulty's reasoning.

Second, there is the express instruction given to the jury at Hoover's that it "should consider all the evidence that is presented in this trial, direct and circumstantial." Trial Tr.

12

289:10-11. As the Government points out, the stipulation cannot be considered in isolation from the rest of the evidence before the jury. In particular, at trial, the Government presented evidence that after Hoover pointed the gun at his girlfriend's daughter and her companions, it was hidden in an alcove very close to Hoover's apartment. This concealment, the Government argues, could be construed as indicative of Hoover's knowledge that he was prohibited from possession a firearm. See United States v. Arzola, 361 F. App'x 309, 313 (3d Cir. 2009) (viewing evidence that a defendant attempted to conceal a firearm as demonstrating the defendant's consciousness of guilt that he possessed the gun unlawfully). As observed in the case before Judge McNulty, Hoover similarly fails to persuade the Court that based on the stipulation and other evidence at trial, the jury would not have inferred that Hoover knew he was a convicted felon, that is, "knew he belonged to the relevant category of persons barred from possessing of firearm." Rehaif, 139 S. Ct. at 2200.

Thus, even if the Court's plain error analysis were limited to the trial record, the Court concludes that Defendant has not demonstrated that the erroneous jury charge affected his substantial rights.

Defendant also fails to demonstrate that the error affected the fairness, integrity, or public reputation of the trial (prong four). While he argues that the error implicates the sufficiency of evidence as to an essential element of the Section 922(g) offense, it was Defendant's own stipulation that he had been convicted of a felony prior to April 23, 2017 which precluded the Government from presenting any evidence at trial as to the details of Hoover's prior convictions. See Old Chief v. United States, 519 U.S. at 190-91. In other words, by operation of the Old Chief stipulation, Hoover himself created a situation in which the Government was prevented from

13

adducing evidence as to essential elements of the Section 922(g)(1) charge. Hoover reaped the benefit of avoiding that his criminal history be placed before the jury but now argues that the lack of evidence and erroneous instruction render the trial unfair. It strikes the Court that the unfairness would lie in using the <u>Old Chief</u> stipulation as both a shield at the jury trial and a sword on this motion for a new trial.

The burden here is on Hoover to demonstrate (1) a reasonable probability that, but for the error, he would have been acquitted of the felon-in-possession charge and (2) prejudice to the fairness, integrity, and public reputation of the trial. Both of these prongs of the plain error standard must be met for Hoover to prevail on his motion for a new trial. For the reasons set forth above, the Court concludes that Hoover has not met his burden. Accordingly,

**IT IS** on this 21st day of February, 2020,

**ORDERED** that Defendant's motion for new trial [ECF 59] is **DENIED**.

                                                      s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER
                                                   United States District Judge